| 6 | 137 |
| 13 | 100 |

FINERTY ET AL. V. FRITZ.

Where there is a conflict between the witnesses it is the province of the jury to determine to whom credit should be given.

*Appeal from District Court of Arapahoe County.*

ON petition for rehearing the following opinion was rendered by

BECK, J.    The petition for rehearing filed in this cause assumes that errors assigned upon the record, and argu-

ments of counsel submitted in their support, were over-
looked by this court in its late decision affirming the judg-
ment, otherwise the judgment must have been reversed.

In support of the proposition we are first referred to
the error assigned as No. 3, which is as follows:

"In allowing Fritz to give evidence of what Finerty
told him.   Fol. 85 *et seq.*"

As Fritz was the plaintiff below, and Finerty one of the
defendants, there is nothing in the error as assigned.

Referring, however, to the page of the record referred to
in the assignment at which the objectionable testimony
appears, we find that Fritz was testifying to a conversa-
tion which took place in his presence between Davies, the
purchaser, and Richard and Patrick Dillon, the other de-
fendants, who with Finerty were owners of the Little
Chief mine.   The testimony objected to, and to which
the exception was saved, was that the plaintiff was per-
mitted to state that after he had brought and introduced
Davies to the Dillons, one of the latter stated to Davies
that they would give a bond on their one-half of the
property, and that Peter Finerty had told them he would
ratify any sale that they made of the Little Chief mine
during his absence.

The position taken by counsel in the petition for rehear-
ing is, substantially, that this testimony — that is, what
Finerty said to the Dillons in the interview referred to —
was hearsay, and therefore incompetent, and since it re-
ferred to a ratification of a sale of the mine under the re-
lationship existing between Davies and Fritz, which was
the point to be proved, and upon which the whole case
was made to turn, by the recent opinion of this court, its
admission was a fatal error.

The main portion of the argument in favor of the re-
hearing is based upon the foregoing proposition.   We do
not deem the proposition correct either as to the issue in-
volved nor in respect to the opinion of this court in the
cause.

Fritz sued Finerty and the Dillons for commissions upon sale of the Little Chief mine to certain parties by virtue of a title bond executed to one Davies. The plaintiff's testimony showed a prior employment of Fritz, on the part of Finerty and the Dillons, as their agent to procure a purchaser for the mine; also the previous efforts made by the agent to effect a sale. The testimony objected to, and to the admission of which an exception was reserved by defendants, was, as previously stated, a statement by the Dillons to the purchaser Davies, that Finerty said he would ratify any sale they should make of the mine during his absence.

The interview in which this statement was made occurred on the 27th day of October, 1878. Not a word appears in this interview about commissions upon the sale, about a relationship between Davies and Fritz, in respect to the property, or about a ratification of a sale involving the payment of commissions. This conversation was prior to the execution of the bond or contract of sale.

Finerty's subsequent ratification of the contract of sale has never been in dispute, and was not an issue in the case.

The assumption of counsel that Fritz, prior to the execution of the bond by the Dillons, had assumed relations to the purchaser inconsistent with his agency, was a disputed question of fact. The testimony on part of Fritz was that he had no arrangement or understanding with Davies for an interest in the bond until subsequently. This question was submitted under instructions to the jury, that, if such relations had been assumed and not communicated to the owners, it was an exercise of bad faith toward them on the part of Fritz, amounting to a fraud in law, and an abandonment of his agency, and would constitute a bar to the recovery of commissions.

That Fritz, however, acquired his interest in the bond prior to its execution by Finerty, was conceded, and the jury was plainly told that unless Finerty, after obtaining

full knowledge of the relations assumed by Fritz to the purchaser, still recognized him as his agent to complete the sale under the bond, with a promise to pay his commission, there could be no recovery against him.

This is the ratification referred to in the opinion of the court; a ratification of the acts of the agent Fritz, and not a ratification of the acts of the Dillons in contracting to sell the mine in the absence of Finerty.

Upon this point Mr. Justice Stone says that the jury may have found "that Finerty, subsequent to his contract with Davies, and with full knowledge of the agent's relations to Davies and to the contract of sale, ratified the acts of the agent and promised to pay his commissions."

The court below attempted to correct its ruling in the admission of the hearsay testimony by the seventeenth instruction prayed and given on part of the defendants, in which the jury was told to disregard that testimony. But conceding that a substantial error could not be cured in this manner, the error complained of is not of this character, and in our judgment would not justify a reversal.

In respect to the question of Finerty's ratification of the acts of the agent Fritz in becoming interested with Davies in the bond, it was Finerty's privilege, upon his return from the east and discovery of this new relation assumed by the agent during his absence, to have repudiated the agency and renounced his liability for commissions. The jury may have found from the testimony, however, and probably did find, that instead of acting thus he continued the agency with promise of payment of commissions.

We are all of opinion that this issue was fairly presented, and are not now disposed, in view of the circumstances of this case, to disturb the verdict. Fifteen instructions were given on part of the defendants, only two of which were modified by the court below, and these

modifications were necessary in order to make them conform to the law of the case as announced by the majority opinion of this court on a former trial and the proofs in the case.

The law of the case as announced in the instructions was substantially correct, and the right to a reversal upon ground of an erroneous charge cannot be sustained.

The trouble with the defendants' case was apparently in the character and weight of their testimony in the estimation of the jury as compared with the testimony on part of the plaintiff. There being a conflict between the witnesses, it was the province of the jury to determine to whom credit should be given.

This being the second verdict for the plaintiff, and there appearing no substantial error in the record, the judgment as affirmed must be allowed to stand.

*Rehearing denied.*