## COLEMAN ET AL. V. DAVIS ET AL.

1. PLEADING — CONDITION OF LEAVE TO AMEND.— It is not an abuse of discretion to require a defendant, as a condition of granting his motion for leave to amend his answer, to pay the costs made in the cause up to that time.

2. REFUSAL TO GRANT NEW TRIAL — STATING GROUNDS OF REFUSAL IN WRITING DIRECTORY.— The statute making it the duty of the court to state in writing the grounds upon which it refuses a motion for a new trial is directory merely.

3. INSTRUCTIONS — HOW CONSTRUED.— Each instruction must be construed in connection with the entire charge, and if, considering the charge as a whole, it appears that the jury were not improperly advised or misled as to any material point, the judgment will not be reversed.

4. REFUSAL TO INSTRUCT ON IRRELEVANT MATTERS.— In an action to determine adverse mining claims, where there was no question of abandonment in the case, it was not error to refuse an instruction designed to call the jury's attention to a matter of abandonment.

5. EVIDENCE — CERTIFICATE OF MINING LOCATION.— Evidence having been introduced to establish the existence of a location or discovery notice, the location certificates, original and amended, were properly admitted for consideration in the same connection.

6. SAME — CERTIFIED COPY OF DEED.— No objection having been taken to the admission in evidence of a certified copy of the deed instead of the original, its admission cannot be urged as error on appeal.

*Appeal from District Court of San Miguel County.*

THIS action was originally commenced in the district court to recover from appellants, J. I. Coleman, N. C. Coleman, J. Coleman, E. S. Orr and A. W. Snyder, a certain portion of the Crystal lode, claimed by appellees, C. E. Davis and John H. Mitchell, as a part of the Lilly lode, the two locations being in conflict.

Subsequent to filing the complaint and answer, appellants asked leave to amend their answer, so as to correctly describe the area in conflict. Leave to so amend was granted, upon condition that appellants pay all costs accruing up to the time of filing the motion for such leave.

The cause was tried by a jury, and verdict rendered in favor of appellees. Many exceptions were taken during the progress of the trial to the admission and rejection of evidence and to the giving and refusing of instructions. After verdict a motion for a new trial was interposed, and, being overruled, judgment was duly entered.

Mr. W. H. GABBERT and Mr. S. B. McCORMICK, for appellants.

Messrs. BELL, GOUDY & COSTIGAN, for appellees.

RICHMOND, C. The first error complained of to which our attention is directed is that the district court refused appellants leave to so amend their answer as to correctly describe the area in conflict between the two claimants, except upon condition that they were to pay all costs accruing up to the time of filing the motion for such leave. Under section 78 of the code it is provided that "the court may on motion, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding." It does not appear from the record that there was such an abuse of the discretionary power given the court by this statute as warrants a reversal.

Another assignment of error which may here be considered is that the court erred in failing to state in writing the grounds upon which it refused to sustain the motion for a new trial.

It is true that it was the duty of the court to assign its reasons in writing for overruling the motion, but this provision of the statute was directory only. *Gomer v. Chaffee*, 5 Colo. 386, and cases cited.

Our attention is next directed to errors 2 and 4, relating to similar instructions given by the court. The principal objection to the instructions given is that by said instructions the jury were not advised that the appellees should have complied with the requirements of the statute by posting at the point of discovery on the

surface a plain sign or notice containing the name of the lode, the name of the locator and date of discovery.

The view of this court is that, in construing a charge to the jury, each instruction should be construed in connection with the entire charge, and if, considering it as a whole, the court is satisfied that the jury were not improperly advised as to any material points in the case, and that, reading each instruction in connection with the others, they were not misled, the judgment should not be reversed for erroneous charge. *Finerty v. Fritz,* 6 Colo. 137; *Behymere v. Cook,* 5 Colo. 395. This principal objection to the instructions was thoroughly covered by instruction 5, in which the court say: "One of the acts required by the statute to be performed before filing the location certificate of a mining claim is to post at the point of discovery, on the surface, a plain sign or notice containing the name of the lode, the name of the locator, and the date of the discovery. The object and purpose of this statute is to apprise the public that there has been an appropriation of a part of the public domain, so that others prospecting on the public domain may not be misled. * * * The law is ever ready to protect the rights of the first discoverer of the claim, but such discoverer must protect and guard his rights only in the way pointed out by the law."

But it is claimed by appellants that this instruction was not warranted by the evidence. We think differently, as it appears from the record that several persons testified to the existence of the discovery stake. E. C. Davis testifies that he saw the discovery stake upon the Crystal lode, which was between four and five feet long, and between four and six inches wide; that it appeared to be a piece of a spruce tree, and that it had the name Crystal on it, claiming one thousand two hundred feet easterly, and three hundred feet westerly, and one hundred and fifty feet on each side, and that the names of the locators were W. L. Roberts and C. E. Davis; that

the notice was in the writing of his father; that at the time he saw the mine it had the boundary stakes as well. This is confirmed by Dunlap, George Davis and Barlow Davis.

The objections urged to instruction No. 3 are that the jury might infer that the location of the Crystal lode might date either from the time it was originally located by one Dunlap, or from the time of the entry thereon by Davis. We do not think that this objection is well taken, for the reason that said instruction must be considered and read in conjunction with the rest of the charge, and, when so considered, no such inference could properly be drawn.

We think there was no error in refusing to give instruction No. 2, asked for by appellants. Appellants argue that the purpose of said instruction was to have the jury determine which of the parties to the action claimed through a location, wherein a proper discovery notice was erected in the first instance. But the object of this instruction, as thus stated, was fully covered by instruction No. 5, given to the jury.

The refusal to give instruction No. 3, asked by defendants, is said to be error. The object of this instruction, as appellants argue, was a desire to call the attention of the jury to the fact of an abandonment of certain portions of the land claimed. The question of abandonment did not exist in this case; no proof was introduced or offered upon this point; no question was raised by the pleadings or evidence; therefore the instruction was properly refused.

Appellants next argue assignments of error numbered 13, 14, 15, 16 and 18. They say that these assignments should be considered together, as they go to the admissibility of the original and the two amended location certificates of the Crystal lode. The reason assigned why these location certificates were not admissible is that no location or discovery notice had been erected by the

Crystal claimants or their grantors prior to the time when the several certificates were filed for record. We do not think these objections well taken, because the fact exists that there was proof of the erection of the location or discovery notice, and this point was submitted directly to the consideration of the jury, their attention being explicitly called to the fact that the law exacted such notice; and evidence having been introduced to establish the existence of such notice, it was proper that the location certificates, original and amended, should be admitted for consideration by the jury in connection therewith.

The next objection discussed by appellant is the error of the court in permitting appellees to introduce in evidence a certified copy of a deed from C. E. Davis to John Mitchell, on the ground that no proof of the loss of the original had been made. In the *first* place, the statute does not require proof that the original deed has been lost. It is sufficient if affidavit be made that the original is not in affiant's "possession or power to produce." But *secondly;* it is sufficient to say that no objection was taken to the ruling of the court allowing the certified copy of the deed to be introduced in evidence.

We are satisfied that the jury were not improperly advised as to any of the material points in the case, and that in considering the instructions they could not have been misled. The jury were correctly charged upon the law, the evidence sufficiently supports their verdict, and we think the judgment should be affirmed.

REED and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*