Thomas Murphy *vs.* George C. Sherman and another.

July 22, 1878.

**Attachment of Exempt Property—Demand before Suit.**—Where an officer, under an attachment, levies upon a horse which is exempt, and which is the only horse owned by the debtor, the taking is unlawful, and no demand before suit is necessary.

**Same—Ratification by Creditor by purchase at Execution Sale.**—Where the plaintiff in the attachment so levied on exempt property, afterwards, when the property is sold on the execution in the action, (he then knowing that the property is exempt,) buys the property, and afterwards sells it, his act is a ratification of the original taking, and he is liable with the officer.

**Same—Waiver of Exemption must be Pleaded.**—Where the complaint in an action for the wrongful taking of personal property shows that defendants took it under an attachment against him, and that it is exempt, the defendants, if they rely on a waiver by plaintiff of his right of exemption, must plead such waiver.

**Taking and Detention of Chattels—Measure of Damages.**—In an action for unlawfully taking and detaining personal property, the ordinary measure of damages is the value of the property with interest from the time of taking.

Action for damages for the unlawful taking and detention of a horse, taken from plaintiff's possession by the defendant Sherman, a constable, under a writ of attachment issued by a justice of the peace, in an action brought against the plaintiff by the defendant Woods. The complaint states that the horse was the only horse owned by plaintiff, and therefore exempt from attachment, and that Woods directed Sherman to levy on it, knowing at the time that it was exempt. The defendants justified under the attachment, and further pleaded that under the execution issued on the judgment rendered in the attachment suit, in favor of the present defendant Woods and against the present plaintiff, the constable, Sherman, sold the horse to the highest bidder.

At the trial, in the district court for Olmsted county, before *Mitchell*, J., it appeared that the horse in question was the

only horse owned by the plaintiff, but that he also worked three other horses belonging to his wife, and there was no evidence that at the time of the levy of the attachment the defendants knew that these horses did not belong to plaintiff. It also appeared that the defendant Woods bought the property at the execution sale, and afterwards sold it. There was conflicting evidence as to a demand by plaintiff for the property before suit brought, and as to whether the defendant Woods knew that the property was exempt when he bought it at the execution sale. The court, under exception by defendants, instructed the jury that no demand was necessary before suit, and directed them to find a verdict for plaintiff for the value of the horse at the date of the taking, with interest from that date at seven per cent. per annum, and also directed them to find specially on the question whether the defendants knew that the horse was exempt before it was sold on execution. The jury found a general verdict for plaintiff as directed, and answered the special question submitted to them in the affirmative. A new trial was refused, and defendants appealed.

*Start & Gove,* for appellants.

*E. F. Lane* and *H. A. Eckholdt,* for respondent.

GILFILLAN, C. J.   This action was in the nature of trespass *de bonis* for unlawfully taking a horse of plaintiff, which the defendants justify under a writ of attachment in favor of Woods against plaintiff, executed by defendant Sherman, a constable. The court below instructed the jury that no demand by plaintiff was necessary, and that they should find a verdict for plaintiff for the value of the horse, with interest from the time of taking. In these instructions, the court was right. There was no controversy as to the taking, and the evidence to show the horse exempt was clear and uncontradicted, and it was the only horse plaintiff owned. The original taking was, therefore, wrongful, and no demand was necessary. But defendants claim that the instruction to find a verdict for plaintiff, for the value of the horse, was errone-

ous, because, as is claimed, Woods was not connected with the taking; that there was evidence of a waiver of his exemption, by plaintiff, which ought to have been left to the jury, and that the complaint claims damages only for the detention. That Woods was plaintiff in the attachment would, of course, be of itself insufficient to charge him with an unlawful taking under it. But he testifies, himself, that when, on his execution issued upon the judgment rendered in the attachment suit, the defendant Sherman sold the horse, he became the purchaser, (he then knowing, as the special verdict finds, that it was exempt,) and that he afterwards sold the horse himself. The unlawful act might be his, either by his previously directing, or subsequently ratifying it, and his acts, testified to by himself, amount to a ratification.

As to the waiver of the exemption, the complaint alleges that the taking was under the attachment, and that the property was exempt. The answer does not, as it ought to have done, if defendants relied upon it for a defence, allege any waiver, so that it was not an issue in the pleadings; and there is nothing to show that, on the trial, the parties consented to try it as though it were in issue. The mere admission of the evidence tending to prove a waiver does not show such consent, for that evidence was admissible for another purpose. The defendants cannot complain that the court, in its charge, did not give them the benefit of this evidence that they might have been entitled to under proper issues.

The rule of damages laid down in the charge is correct. The complaint claims damages as well for the taking as the detention, and the action was tried on the theory that the value was the proper measure of damages. Both parties, without any objection, introduced evidence of the value, and it was the only evidence as to the damages.

Order affirmed.