PATRICK McABE *vs.* NATHANIEL R. THOMPSON.

August 30, 1880.

**Exemption of Stock in Trade from Levy.**—Unfinished burial cases and caskets, upon which additional labor, expense and material must be put before they can be deemed finished, or fit for sale and use, when owned and held by a manufacturer for the purpose of being so finished and made fit for use by him, constitute, in part, his "stock in trade," within the meaning of that phrase as it is used in the exemption law, (Gen. St. c. 66, § 279, subd. 8,) and they are exempt from sale on execution within the limits prescribed by that statute as to value.

**Same—Failure to claim Exemption.**—A mere failure to claim a right of exemption at the time of a levy upon exempt personal property, no prejudice being shown as resulting therefrom, will not preclude a party from asserting the right afterwards, and before the sale.

**Same—Disclaimer of Title by Debtor.**—A disclaimer by the debtor of any ownership of the property levied on will not estop him from afterwards asserting and proving his title thereto as owner, when the disclaimer has not influenced the conduct of the officer, or been acted on by him or the plaintiff in the execution.

Appeal by defendant from an order of the municipal court of Minneapolis, refusing a new trial.

*Geo. R. Robinson,* for appellant.

*Bradish & Dunn,* for respondent.

CORNELL, J. The statute (Gen. St. *c.* 66, § 279, sub. 8) which exempts "the tools and instruments of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade, and, in addition thereto, stock in trade not exceeding $400 in value," was intended to include within its benefits not only "mechanics and miners," but all other persons engaged in any trade or business requiring, to carry it on, the use of tools and implements, and who gain a livelihood, in whole or in part, by such use. *Grimes* v. *Bryne,* 2 Minn. 72 (89.) Besides the tools and implements which every such person may hold as exempt under this statute, he is also entitled to hold, in addition thereto, his "stock in trade," within the limits specified as to value. This refers to the stock of materials belonging to the owner of the tools and implements, and which he has provided and holds for the purpose of enabling him to make their use a beneficial or profitable one as a means of support. It includes all the materials got and held for that purpose, in whatever condition or state of preparation for use they may be, so that they are suitable and adapted to the end in view, and to the particular business in which he is engaged, wherein the use of such tools is necessary. *Grimes* v. *Bryne, supra.*

The respondent here, as shown by the findings, which are reasonably supported by the evidence, was a manufacturer,

engaged in the business of buying burial cases and caskets—which were in an unfinished condition, but which were so far advanced in the process of manufacture as to be ready for the trimmings on the outside and the lining on the inside —and finishing them himself by his own work and labor, and the addition of such other materials as were necessary to fit them for sale and use. It is found as a fact that this additional work, labor and material were necessary in order to finish them, and to fit them for sale and use; and the uncontradicted evidence shows that they would thereby be enhanced in value about two-thirds. The property which is the subject of this action, and which it is claimed was exempt, consisted of several of these incomplete and unfinished burial cases and caskets, which the respondent had thus bought and was holding for the sole purpose of so finishing and fitting them for sale and use. They constituted as much a part of his stock in trade, within the meaning of the statute, liberally construed, as it must be, as did the screws, nails, trimmings and lining which were used in completing or finishing them. Within the principle of the case above cited, respondent belonged to the class of persons for whose benefit the statutory exemption was intended, and he was entitled to hold the property in question as exempt on the ground that it constituted a part of his stock in trade, the whole of which was less in value than $400.

Respondent was not estopped from asserting his exemption claim by reason of any fact stated in the findings. The conduct and statements of a party never operate as an estoppel in favor of another party where the latter is not influenced thereby in his subsequent action, and to his prejudice. The fact that respondent disclaimed any ownership of the property in himself, at the time of the levy, had no influence whatever upon the officer who made it, for he made it notwithstanding the disclaimer, and afterwards sold the property. The failure of respondent to interpose his claim of exemption as to such property at the time of the levy

could not work any estoppel against his making the claim subsequently, for it is neither found nor shown that the officer did, or omitted to do, anything by reason of such act of omission of the respondent, or that the plaintiff in the execution was in any way prejudiced thereby. The return of the property by the coroner, after the dismissal of the action in replevin for want of jurisdiction, was not, even if it were shown to have been done under the direction of the respondent, an act at all inconsistent with the claim of ownership and exemption made by him, and hence it can furnish no ground upon which to build an estoppel.

Order affirmed.