*Hughes & Welborn*, for appellants.

*C. W. Tankersley*, for appellee.

---

## BEHYMER v. COOK.

(*Supreme Court of Colorado, December Term, 1880—Error to the Arapahoe District Court.*)

ATTACHMENT—PROPERTY CLAIMED BY DEFENDANT AS EXEMPT BY STATUTE (sub-section 6 of Sec. 26, Ch. LIII, Gen. Laws), MUST BE DESIGNATED BY HIM. A defendant in an attachment, claiming as exempt from levy "implements or stock in trade     *     *     used or kept for the purpose of carrying on his trade or business," not specifically exempt by law, is entitled to select such articles as are suitable to his trade or business; and a failure on his part to make such selection is a waiver of his right thereto.

SHERIFF NOT LIABLE FOR DAMAGES for levying an attachment upon property, not specifically exempt by statute, in case the defendant declines to designate the articles he desires to claim.

NO PROPERTY EXEMPT FROM LEVY FOR THE PURCHASE PRICE THEREOF. Under the statute, no property is exempt from levy to satisfy a claim for the purchase money thereof; and a defendant cannot, by selecting such property, under the sixth sub-section of the exemption law, *supra*, exempt it from such liability.

BECK, J. This was an action brought by the plaintiff in error against the defendant in error, under Sec. 28, Ch. LIII, Gen. Laws, to recover three times the value of certain property seized by the defendant as sheriff, under a writ of attachment, it being alleged that a portion of the property was exempt from levy and sale, under the *sixth* sub-division of Sec. 26 of the same chapter.

This section provides, that "The following property, when owned by any person being the head of a family, and residing with the same, shall be exempt from levy and sale upon any execution or writ of attachment, or distress for rent. * * * *Sixth*—The tools and implements, or stock in trade, of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business, not exceeding two hundred dollars in value."

The business in which the plaintiff was engaged at the time of the levy of the writ of attachment was that of an undertaker and cabinet maker, and he had on hand, at the time of the levy of the writ, a number of metallic burial cases and a number of wood burial cases, together with boxes, hardware and other materials for the same. These articles were all manufactured and purchased in the East, and came here ready for re-sale, much like other merchandise. Plaintiff had tools and implements for carrying on the cabinet making business, and embalming tools or implements to be used in the undertaking business; he also had some chemicals for the latter business, and materials for the former, capable of being wrought into manufactured articles.

Neither the tools nor materials pertaining to the cabinet making business, nor the tools nor chemicals pertaining to the undertaking business, were taken upon the attachment. The goods taken were the coffins, and the attachments belonging thereto; and of the articles taken, the testimony of the plaintiff shows that all but seven, being three metallic and four wood coffins, belonged to one Elizabeth Chandler.

The claim made by the complaint is, that the property not taken was worth but thirty-five dollars, and that plaintiff was entitled to have retained a sufficient number of the articles taken to have amounted to the sum of two hundred dollars.

At the conclusion of the testimony offered on behalf of the plaintiff upon the trial below, which was to a jury, the court non-suited the plaintiff on motion of defendant's counsel, on the ground, that the plaintiff proved no demand for any of the property taken upon the writ of attachment, except a written demand for certain articles purchased by him from the plaintiff in attachment, and that the indebtedness for the same constituted in part the claim upon which the attachment issued.

The articles referred to were the three metallic burial cases.

Counsel for plaintiff in error contend that there was no competent evidence of a written demand in the case. That all there is upon the point was drawn out on the cross-examination of the plaintiff; and that the paper shown the plaintiff, and identified by him on the witness stand as the written demand prepared by his counsel, Mr. Sampson, and served upon the sheriff after the levy, is not in evidence, nor any competent proof of its contents. Counsel for defendant in error insist that the plaintiff admitted upon the stand that the written demand was for the three metallic cases, which were unpaid for.

It is true, the paper identified by the plaintiff as containing the written demand was not introduced in evidence, and if it be conceded, as contended by plaintiff's counsel, that its contents were not disclosed, the result is, that while it appeared, from the plaintiff's testimony, that he made a demand in writing upon Sheriff Cook for a return of the articles mentioned therein, yet the plaintiff failed to inform the court and jury what articles he so demanded.

There was clearly no property selected as exempt at time of the levy, and no claim made at that time that any property was exempt.

The attachment was levied by Under Sheriff Smith, and plaintiff swears that he told Smith at the time of said levy that he proposed to stand by his legal rights, and that he asked Smith to respect his legal rights.

When asked upon cross-examination if he made a demand upon the sheriff to deliver him certain of the property, his

answer is, "No, sir, I positively did not upon Mr. Smith, I made no demand."

It is admitted by the pleadings that plaintiff demanded a return of the three metallic burial cases. These cases were purchased by plaintiff from Crane, Breed & Co. (who were plaintiffs in the attachment suit), together with other articles in the same line, the bill amounting to the sum of three hundred and thirty-six dollars and twenty-five cents. As we understand the testimony, this bill remaining unpaid, and defendant having executed to one Elizabeth Chandler chattel mortgages upon the greater part of his stock, Crane, Breed & Co. sued out a writ of attachment and caused it to be levied upon his entire stock of coffins, and the attachments belonging thereto. Plaintiff admits that he swore, on the trial of the attachment suit, that all the articles levied upon, except the seven coffins, belonged to Mrs. Chandler. The attachment suit, being an action to collect the purchase money of the bill purchased in April, and the three metallic coffins comprising a portion of that indebtedness, could not be claimed as exempt property, since the *ninth* sub-division of said Sec. 26 provides that no article of property shall be exempt from attachment or sale on execution for the purchase money of said article of property.

Counsel for plaintiff in error seem to think that the defendant is liable for the action of the under sheriff in levying upon the whole stock of coffins without setting apart some of them as exempt under the statute referred to. We are of the opinion that this officer performed his duty correctly. He notified plaintiff that he came to levy on his goods. It then became the plaintiff's duty to claim his exemption. He did not do this, but gave the officer the key, and told him he hoped he would respect his legal rights. This, the officer appears to have done, so far as he knew what his rights were. As we have seen, he left as exempt, all plaintiff's tools and materials used in making manufactured articles, also the tools and materials used in embalming; likewise furniture used in the business, bedding, etc., amounting to more than ninety dollars, as plaintiff admitted on the trial.

The property left by the officer, as exempt, comprised all the articles, found by the officer, which were specifically exempt from levy and sale under the statute; and we hold, that, where a defendant in execution or attachment is entitled to retain other

articles of property, amounting to a specified value, as exempt from execution or attachment, he is entitled to select such articles as are suitable to his business or trade, and the selection being made, it operates as a waiver as to other property not selected and not specifically exempt by law. This option was exercised in the present case, not at the time of the levy, but afterwards. The plaintiff, under the advice of his attorney, Mr. Sampson, made his selection, and his attorney incorporated it in a writing, which the plaintiff, by advice of his attorney, signed and served upon Sheriff Cook. Thus far the testimony is clear and positive. But, we are told by the plaintiff's present counsel, that the contents of this written demand are not in evidence. If not, the plaintiff clearly has no case. He proved that he exercised his privilege of selecting such articles of property as he desired to claim, under the statute of exemption, and then closed his case without telling court or jury what those articles were. This is fatal to a recovery. Before it can be decided whether the articles selected, were exempt or not, it must be in proof what those articles were. If they were the three metallic coffins, as admitted by the answer of defendant, they were not exempt, the action being for the purchase money thereof.

It is unnecessary to discuss the question of law raised in the briefs of counsel, as to what constitutes "stock in trade," under the statute, as no case was presented for the consideration of the jury, in any view that may be taken of the testimony.

*The judgment is affirmed.*

CHIEF JUSTICE ELBERT being absent, did not set in this case.

*Stallcup & Luthe*, attorneys for plaintiff in error.

*J. W. Horner*, attorney for defendant in error.

---

# WEAR *v.* MAYER.

*(U. S. Circuit Court, E. D. Missouri—September Term, 1880.)*

1. WRIT OF ERROR TO DISTRICT COURT. WHEN TO BE ALLOWED. Under section 4981, Revised Statutes of the United States, a cause cannot be removed from the district to the circuit court unless the writ is claimed and notice given within ten days, as in cases of appeal.

2. TRIAL OF ISSUE OF FACT BY THE COURT. EXCEPTIONS. It is well settled that in the absence of a statute authorizing that mode of proceeding, no exception can be taken to any opinion of the court upon admission