CHARLES HOWARD *vs.* S. C. RUGLAND and another.

July 9, 1886.

**Exempt Property—Selection, when not Required.**—Where all the property which a debtor has, of a kind which is exempted with a limit as to quantity or amount, and not with a limit as to value, does not exceed the quantity or amount which the statute exempts, there is no occasion for the debtor to choose or select the same as exempt.   In such case the statute operates to choose and select for him.

**Same—Appraisal of Value, when not Required—Levy and Sale per se Illegal.**—To *such* property Gen. St. 1878, *c.* 66, § 314, providing for an appraisal of *value* in certain cases, has no application; and when an officer assumes to levy an execution upon and sell property which the law thus chooses and selects as exempt, the levy and sale are *per se* illegal, and the officer liable to the debtor without any demand, as is also the execution creditor who participates in the levy and sale.

Same — "Necessary Food, Provisions," etc. — Question for Jury.—
Where the levy is upon food for stock, provisions, and seed grain, the question of what and how much is necessary is one of fact for a jury; and if their verdict finds that all the stock, food, provisions, and seed grain which the debtor had at the time of the levy were *necessary* for the purposes for which the statute allows their exemption, the result is that all are exempt, and hence that a levy upon and sale of the whole, or any part thereof, is illegal.

Illegal Levy and Sale of Growing Crop—Damages—Value at Date of Sale.—Where a levy is made upon growing crops, under Gen. St. 1878, *c.* 66, §§ 303, 315, and afterwards, when the crop is ripe for harvest, a sale of the same is made, the wrongful taking may properly be said to have been consummated on the day of sale, so that, in an action of claim and delivery, or for a conversion, the value of the property taken may properly be shown and found as of that date.

Action to recover possession of 476 bushels of wheat and 120 bushels of oats, alleged to have been wrongfully taken from plaintiff's possession on June 27, 1883, and to be still detained from him by defendants. The complaint states the value of the wheat to be $476 and of the oats $42. The defendants justified under an execution on a judgment against plaintiff and in favor of defendant Rugland, by virtue of which the defendant Bartleson, as sheriff, on May 5, 1883, levied on about 30 acres of growing grain,—wheat and oats,—and on August 13, 1883, sold the grain so levied on, being then ripe and fit for harvest. The defendants further allege that plaintiff, at the time of the levy and sale, had other grain, to wit, about 20 acres of growing wheat and five acres of oats. The plaintiff, in reply, pleaded that the grain was exempt, denied that he had the additional grain alleged in the answer, and alleged that all the grain he then had was exempt from execution.

At the trial in the district court for Otter Tail county, before *Baxter*, J., it appeared that the levy was made, as stated in the answer, on 34 acres of wheat and eight acres of oats; that prior to the sale the wheat on 22 acres had been cut by plaintiff, and the rest of it and the oats were afterwards cut, and all the grain sold, by defendant Rugland, the purchaser at the execution sale. It also appeared that the grain in question was all that was raised or possessed by plaintiff at the

time of the levy and of the sale, except 45 bushels of wheat, his portion of a crop raised by him on shares.    Plaintiff's evidence as to the quantity of the wheat and oats levied on, consisted of the estimate of himself and other witnesses of the probable yield per acre—14 bushels of wheat, and 15 bushels of oats to the acre.    He testified that his family consisted of seven persons, that he kept two horses and a cow, that 84 bushels of wheat were needed for a year's supply for his family, 50 bushels for seed, and the rest of his wheat (387 bushels) and the oats were needed to feed his stock.

The testimony for defendants tended to show that the grain levied on, when threshed, yielded 350 bushels of wheat and 60 bushels of oats.    The court left it to the jury to find whether the wheat (other than that needed for family use and for seed) was proper food for stock and therefore exempt, and instructed them (the defendants excepting) that no demand on the sheriff was necessary before suit. The defendants also excepted to the refusal of an instruction asked by them, to the effect that it was plaintiff's duty to inform the sheriff, before the sale, of the size of his family, the number of his stock, the quantity of land he proposed to sow the next season, and the amount of grain which he needed for family use, for his stock, and for seed, and which he claimed as exempt.

The jury found for plaintiff, and assessed the value of the property at $129.60.    A new trial was refused, and the defendants appealed.

*E. E. Corliss* and *H. E. Rawson,* for appellants.

*Clapp, Woodard & Cowie,* for respondent.

BERRY, J.    1. Section 310, chapter 66, Gen. St. 1878, provides for the exemption from attachment or sale, on final process, of, among other things, certain live-stock, and "the necessary food" for the same "for one year's support, either provided or growing, or both, as the debtor may choose;" and also of "the provisions for the debtor and his family necessary for one year's support, either provided or growing, or both;" such "food" and "provisions" to "be chosen by the debtor, his agent, clerk, or legal representative, as the case may be;" also "necessary seed grain" (not exceeding certain quantities) "for the actual personal use of the debtor, for one season, to be selected by him."    A limited *value* is placed upon some of the articles ex-

empted, but no limit of *value* is placed upon any of those above mentioned. With reference to their own language, and to the decisions of this court in *Lynd* v. *Picket*, 7 Minn. 128, (184;) *Murphy* v. *Sherman*, 25 Minn. 196; and *McAbe* v. *Thompson*, 27 Minn. 134, (6 N. W. Rep. 479,) the proper exposition of these provisions of statute is as follows: Where all the property which a debtor has, of a kind which is exempted, with a limit as to quantity or amount, and not with a limit as to value, does not exceed the quantity or amount which the statute exempts, there is no occasion for the debtor to choose or select the same as exempt. In such case the statute operates to choose and select it for him. See *Zielke* v. *Morgan*, 50 Wis. 560, (7 N. W. Rep. 651.) To such property section 314, chapter 66, *supra*, which provides for an appraisal of *value* in a certain case, has no application; and when an officer assumes to levy an execution upon and sell property which the law thus chooses and selects as exempt, the levy and sale are *per se* illegal, and the officer liable to the debtor without any demand, as is also the execution creditor who participates in the levy and sale. Where the levy is upon food for stock, provisions, and seed grain, the question of what and how much is "necessary" is a question of fact for a jury; and if their verdict finds that all the stock, food, provisions, and seed grain which the debtor had at the time of the levy were *necessary* for the purposes for which the statute allows their exemption, the result is that all are exempt, and hence that the levy upon and sale of the whole, or any part thereof, are illegal.

2. Where a levy is made upon growing crops, under sections 303, 315, chapter 66, *supra*, not by taking manual possession of the property levied upon, but by a constructive seizure evidenced by filing a copy of execution and return with the town clerk, and afterwards, when the crops have become ripe for harvest, a sale of the same is made, the wrongful taking may properly be said to have been consummated on the day of sale; so that, in an action of claim and delivery, or for a conversion, the value of property taken may properly be shown, estimated, and found as of that date. *Sherman* v. *Clark*, 24 Minn. 37; *Hossfeldt* v. *Dill*, 28 Minn. 469, (10 N. W. Rep. 781.)

These conclusions dispose of what we regard as the substance of

the controversy before us; and, without here adverting to many minor matters which were or might have been excepted to, the order denying the new trial is affirmed.