AUTREY ET AL., APPELLANTS, v. WRIGHT, APPELLEE.

4   179
10  460
12  215

1. EXEMPTION, CLAIM OF.
When all the property of the exemptioner is seized, the levy is illegal. The duty of selection rests on the defendant only when he has property other than that which has been levied upon.

2. CHATTEL MORTGAGES.
After default and a valid change of possession the legal title to mortgaged chattels vests absolutely in the mortgagee, and, in the absence of equitable considerations, neither the mortgagor nor his creditors can acquire any right with reference to it. Thereafter the mortgagor has no title in the property upon which to support a claim of exemption, or to maintain an action against an officer for its seizure.

*Appeal from the District Court of Boulder County.*

IN the month of May, 1891, the appellee, Wright, was doing business in Lyons, Colorado, and at that time was indebted to the Hallack Lumber and Manufacturing Company for some goods and material which that company had sold him.

About that date, an attachment which had been issued in the suit of the company against Wright was levied upon the property in dispute in this action. This consisted of a pair of horses, a set of harness and a bedstead. This suit was pending for some time, and under an order of the court the property was sold, the proceeds being held to await the result of the action. After the sale, the present suit was brought against the officer to recover treble damages under the statute, on the ground that the property was exempt as the work team of plaintiff. The exemption of the property was fairly established by the evidence. Prior to the sale, the horses were in Wright's, stable, and they were sold from that place by the deputy who took them. The present controversy springs from the circumstances surrounding this sale. It appears that prior to this levy and sale Wright had mortgaged the horses to R. G. Sutphen, who sold the security to one Mumford. This fact was shown on the trial, the mortgage was introduced in evidence without objection, and appears to be regular in form, and to cover the property in dispute. It contained the ordinary condition that, if the mortgaged property should be seized under attachment, all debts should mature and the mortgagee have a right to take possession. When Thorne, who was the officer holding the writs, came to take the horses, Mumford and Wright went into the stable, harnessed the animals, and Wright so far as he was able delivered them to the mortgagee. They were taken out of the barn by Wright and Mumford, who insisted that the horses were not then the property of Wright, but belonged to the mortgagee to whom possession had been surrendered. Mumford claimed title, Wright asserted that the mortgagee was in possession after default and the owner, and insisted that they should not be sold under the process. Thorne disregarded the claims and protests of the parties, took them away from the mortgagee and proceeded to sell them. At the time of these occurrences, Wright it seems claimed to the officer that the property was exempt under the statute, and that he himself had a right to hold them free from sale, because they

were his work animals, and the only ones which he owned. The officer had been indemnified by a bond, disregarded all claims, sold the horses to one Burdett, and presumably applied the proceeds. After this transaction, the present action was instituted, and all these facts were developed without objection on the trial. The court instructed the jury as to exempt property and the law governing it; but refused to charge the jury that, if the mortgagee was in possession at the time of the seizure after forfeiture, then the right of action did not inure to the plaintiff, since he was without title to what he claimed was exempt. The jury found a verdict for seven hundred and fourteen dollars, and the case comes here by appeal.

Messrs. ROGERS, CUTHBERT & ELLIS, and Mr. REGINALD HEBER SMITH, for appellants.

Mr. O. F. A. GREENE, for appellee.

BISSELL, P. J., delivered the opinion of the court.

Very recent decisions of this court determine the questions involved in favor of the appellants. The statute giving the right of action for treble damages in certain cases received very full consideration in a case decided at the present term. *Madera v. Holdredge, ante,* 126. It was there decided, following the cases of *Harrington v. Smith et al.,* 14 Colo. 376 ; *Behymer v. Cook,* 5 Colo. 395, that wherever a levy was made on exempt property, and it was established by the record that what was seized was all the exemptioner owned, the seizure was illegal, regardless of any claim or assertion of right by the attachment defendant. The duty of selection only rests on the defendant where he has other property than what is claimed to be exempt. The court below did not depart from these well established rules in its instructions to the jury; but it declined to charge the jury as to the legal effect of the mortgage, and the acts of the

owner and mortgagee in reference to the attempted enforce-
ment of that security. The officer pleaded these facts as a
defense. The plea was a perfect bar to the action, if sus-
tained by proof which satisfied the jury. It has been re-
peatedly decided in this state that, after a default and a valid
change of possession, the legal title to mortgaged property
vests absolutely in the mortgagee, who has the unconditional
right of possession, and unless these principles be varied by
equitable considerations, which do not appear in this case, or
by some facts surrounding the maturity of the mortgage and
the assumption of control which will interfere with the mort-
gagee's title, it becomes perfect, and neither the mortgagor
nor his creditors can acquire any right with reference to it.
*Atchison v. Graham*, 14 Colo. 217; *Newman et al. v. The Peo-
ple ex rel.*, *ante*, 46.

If these principles are applicable to the present case, they
are decisive of the controversy, and compel us to reverse the
judgment. While the issue as to the title was not very cleanly
and clearly presented by the pleading, still there was such a
denial of the plaintiff's right and ownership that testimony
might, unless objection was raised, be introduced to show
what the facts were concerning the maturity of the mort-
gage, and the mortgagee's rights. No objection of any sort
was made to the proof offered on this subject, and it very
clearly appeared that there was an outstanding valid mort-
gage held by Mumford on the identical property seized by
the officer. The proof was very satisfactory that the mort-
gagee did all that he was able or that was necessary to as-
sume possession of the property prior to the time the sale
occurred. Both Wright, the present claimant, and Mum-
ford, the mortgagee, testified there was a breach in the condi-
tion, that Wright surrendered so far as he could, and Mumford
assumed control of the property. From these facts it is evi-
dent that the title to the property was no longer in Wright,
the exemptioner, but had become absolutely vested in the
mortgagee, who must be taken, under the present proofs, to
have been in the possession and control of the property at

the time of the seizure and sale. It is unimportant to determine whether he had the legal right to take the property when he did because of the antecedent levy of the writ of attachment, and because the property might perhaps be taken to be in *custodia legis* so as to compel a suit for its recovery. The facts surrounding the matter are stated in this manner simply for the purposes of demonstrating that the exemptioner had lost title prior to the sale and prior to the suit, and consequently was disqualified to maintain the present action. If on another trial, under proper instructions, the jury shall find the issue concerning the mortgage to be sustained, Wright, the exemption claimant, cannot be permitted to recover, since he must have title in order to justify the suit.

For the error committed by the court in failing to submit this matter to the jury, and to give the instruction asked, this judgment must be reversed and the case remanded.

*Reversed.*