## MARY D. THOMPSON v. C. H. PETERSON.[1]

June 27, 1913.

Nos. 18,054—(158).

**Execution — exemption.**

1. Where all the property taken from a debtor on execution is exempt under the provisions of section 4317, R. L. 1905, no selection or claim is necessary to entitle the debtor to assert the right of exemption. Howard v. Rugland, 35 Minn. 388, followed and applied.

[1] Reported in 142 N. W. 307.

**Claim of exemption — case followed.**

    2. There was no change in the statutes by the revision of 1905, upon the subject of the selection of exempt property, and the Rugland case cited above, expresses the law of the state upon the subject.

**Place of residence.**

    3. Plaintiff was an actual resident of the state, that residence was not lost by her temporary absence therefrom, and the trial court properly so charged the jury.

Action in the district court for Rock county to recover possession of certain personal property or $257, the value thereof. The answer alleged the property was taken by defendant, as deputy sheriff, under a writ of execution duly issued by a justice of the peace. The case was tried before Nelson, J., who at the close of plaintiff's case denied defendant's motion for a directed verdict, and granted plaintiff's motion for a directed verdict, the value of the piano to be determined by the jury. The jury returned a verdict that the value of the property was $155 and that plaintiff had been damaged in the sum of $6.30 by the detention thereof. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*A. J. Daley,* for appellant.

*E. H. Canfield,* for respondent.

BROWN, C. J.

Action to recover the value of certain property, claimed by plaintiff to be exempt and to have been wrongfully levied upon and sold by defendant under a justice court execution. Plaintiff had a verdict and defendant appealed from an order denying a new trial.

The facts are as follows: Plaintiff and her husband took up their residence in Luverne, this state, in August, 1908, and thereafter continued to reside there, except for a temporary absence presently to be mentioned, up to the time of the trial of this action. They maintained a residence, rented, in which they kept and used the ordinary and necessary household furniture and utensils, including a piano, a plush piano cover, and a piano stool. The articles named were a present to plaintiff from her father. In September, 1911,

plaintiff made a visit to her parents, residing in the state of Iowa, where she remained until April, 1912. In October after her departure on this visit, the husband found work at his trade, painting and paperhanging, at Sioux Falls, South Dakota, where he remained until November 26, at which time he returned to Luverne; remaining there until December 19, when he joined his wife at the home of her parents. He testified that when at Sioux Falls he received an injury, and was unable to work on his return to Luverne, and he spent the time of his recovery with his wife. He returned to Luverne on March 1, and resumed his employment. During the absence from Luverne, the household goods were stored in the building they had theretofore occupied, and none thereof, save their personal wearing apparel was taken with them out of the state. Another person moved into a part of the house so occupied by plaintiff and her husband, and they were permitted to use the piano during the plaintiff's absence. Their departure and absence from Luverne was with no intention of abandoning their residence at that place, and they at all times intended to and did in fact return thereto. Plaintiff's delay in returning was occasioned by the illness of her father.

Prior to their departure from Luverne, as stated, they had contracted an indebtedness to a grocer in the sum of about $13. During their absence, the grocer brought suit before a justice of the peace to recover this demand, the summons therein being served by publication. Neither plaintiff nor her husband knew of the pendency of the action, no appearance was made, and default judgment was rendered against them for the amount claimed with costs of suit. Execution was subsequently issued under and by virtue of which defendant, acting as deputy sheriff, levied upon the piano, plush cover, and piano stool, heretofore mentioned, and sold the same in due procedure to satisfy the execution. Neither at the time of the sale, nor prior thereto, did plaintiff or her husband make any claim to defendant that the property was exempt; they knew nothing of the levy until long after the sale had taken place.

Plaintiff brought this action to recover the value of the property so taken and sold by defendant, basing her action on the claim that

the property was exempt. On the trial below, the court directed a verdict for plaintiff upon all issues save the value, thereby holding that the property was exempt and that the sale thereof by defendant was unlawful. The jury returned a verdict for plaintiff accordingly, assessing the value of the property at $155.

The questions presented by the assignments of error center around the claim of plaintiff that the property was exempt, and that the act of defendant in levying upon and selling the same was unlawful. It is contended by defendant: (1) That plaintiff, at the time in question, was not an "actual resident" of the state, and therefore not entitled to claim the benefit of the exemption statute; (2) that the trial court erred in taking from the jury the question whether plaintiff was an actual resident of the state, and (3) that since plaintiff made no claim of exemption, and did not select the particular property as exempt, no recovery can be had. We are unable to concur in either of these contentions.

The exemption statute, (section 4317, R. L. 1905) so far as here material, provides as follows:

"No property hereinafter mentioned shall be liable to attachment, or sale on any final process, issued from any court.

"1. * * * * * * * * * * *

"2. Family pictures, school books or library, and musical instruments for the use of the family."

"18. * * * .

"All articles exempted by this action shall be selected by the debtor, his agent, or legal representative. The exemption provided in subdivisions 6–18 hereof, shall extend only to debtors having an actual residence in the state."

1. It will be noticed by the last clause of the statute quoted that the exemptions granted by subdivisions 6 to 18 apply only to actual residents of the state, leaving the inference that the exemptions granted by subdivisions 1 to 5 apply to all persons whether residing within or without the state. Defendant, however, contends that the statute should be construed to exclude all nonresident persons from the benefit of any of the exemptions so granted; citing Orr v. Box, 22 Minn. 485. We deem it unnecessary to consider this feature of the case, for the reason that the evidence conclusively

establishes the fact that the plaintiff was at the time in question an actual resident of the state within the meaning of the statute. It may be remarked in passing, however, that substantial reasons may be given in support of the theory that the legislature intended the exemptions mentioned in subdivisions 1 to 5 to apply to all persons, whether residing within or without the state. The exemptions there granted are, the family Bible, family pictures, school books and musical instruments, a pew in a house of worship, a lot in a burial ground, the wearing apparel of the debtor and his family, and household goods of the value of $500. The legislature might well have concluded, from a humane standpoint, that the articles referred to are so essential to human welfare that they should be exempted to all persons, whether residents of the state or of some other state. No sound reason can be given for holding, in the absence of some statute, expressly or by fair implication so declaring, that the nonresident, who comes temporarily into this state with his wife and family, thereby subjects his clothing, and that of the other members of his family, to sale on execution. Yet that result necessarily follows if subdivisions 1 to 5 be held to apply only to actual residents of the state. But as stated the question is not necessarily involved in the action, and we do not determine it.

2. The second contention of defendant is that the court below erred in taking from the jury the question whether the plaintiff was a resident of the state at the time the property was sold under the writ. We think this question was not in serious dispute on the evidence. Plaintiff and her husband had been actual residents of Luverne for something over two years, prior to their visit to relatives in Iowa, and the evidence wholly fails to show that they had ever abandoned that home. The visit to Iowa was temporary and with no intention of giving up the residence in this state. Under such circumstances plaintiff's residence was, within the meaning of the statute, in this state. Keller v. Carr, 40 Minn. 428, 42 N. W. 292; Lawson v. Adlard, 46 Minn. 243, 48 N. W. 1019; 24 Am. & Eng. Enc. (2d ed.) 692, et seq. Though the question may generally be one of fact, to be submitted to the jury, we hold, on the evidence in this case, that the trial court properly disposed of it as

a question of law.  There is no conflict in the evidence, and the case comes squarely within the facts presented in Keller v. Carr, supra. While that was an attachment action, not involving the exemption statute, that fact in no way differentiates the cases, the question in each being one of residence or nonresidence.  Had the question in the case at bar been submitted to the jury and a verdict returned that plaintiff was not a resident of the state, it would have been the plain duty of the court to set it aside as unsupported by the evidence. Such being the situation, a directed verdict was proper.  3 Dunnell, Minn. Dig. § 9764.

3. Defendant's further contention that plaintiff's failure to make her claim of exemption before the sale, in other words, her failure to "select" the particular property as exempt, bars her right now to insist upon the exemption, is not sound.  Defendant's position that a selection by plaintiff was necessary is founded in the theory that such selection is a condition imposed by law.  In support of this position, reliance is had upon the last clause of section 4317 of the statute cited, namely: "All articles exempted by this section shall be selected by the debtor, his agent, or legal representative."

The question when and under what circumstances a claim of exemption is necessary to protect rights granted by the statute came before the court in Howard v. Rugland, 35 Minn. 388, 29 N. W. 63, and it was there held that "where all the property which a debtor has, of a kind which is exempted, with a limit as to quantity or amount, and not with a limit as to value, does not exceed the quantity or amount which the statute exempts, there is no occasion for the debtor to choose or select the same as exempt.  In such case the statute operates to choose and select for him."  The court cited in support of the decision, Lynd v. Picket, 7 Minn. 128 (184); Murphy v. Sherman, 25 Minn. 196, and McAbe v. Thompson, 27 Minn. 134, 6 N. W. 479.

The rule thus stated has never been disturbed by any later decision and the Rugland case now expresses the law of the state unless, as claimed by counsel, a change in the statute, by which such selection is now necessary, was made by the general revision of 1905. But we discover no such change.  The provision requiring a selec-

tion by the debtor formed a part of the statutes of 1866, and was then the concluding sentence of subdivision 8 of section 279. (G. S. 1866, c. 66). It retained its place in the statutes of 1878 and 1894, and was before the court when the Keller case was decided. Subsequent to the revision in 1866, the printer's exemption was added to subdivision 8, leaving the clause requiring a selection by the debtor in the body of that part of the exemption law. In subsequent years other subdivisions were added making a total of 11, as contained in the statute of 1894, and a total of 18 in the revision of 1905. During all the additions and amendments to the statutes, the particular provision retained its place in subdivision 8 until the revision of 1905, when it was placed at the end of the exemption section. While there was in the latter revision some modification of the language of the clause, the change was in no sense substantial, and the pith and substance of the subject was carried into the new statute. It is well settled that changes and modifications in the language of a general statutory revision create no presumption of an intention to change or modify the law in point of substance. In fact the presumption is that no change was intended, and the new will be construed as a continuation of the old law unless an intention to change it clearly appears: State v. Stroschein, 99 Minn. 248, 109 N. W. 235; Becklin v. Becklin, 99 Minn. 307, 109 N. W. 243; Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555; Evans v. City of Redwood Falls, 103 Minn. 314, 115 N. W. 200. We discover no reason for attributing to the legislature a purpose of changing the law upon this subject, no reason is suggested calling for a change, and we hold, following the Rugland case, that no selection of the property in question was necessary. From this it follows that it is immaterial that defendant did not know of the exemption. The Rugland case disposes of that question.

4. Since plaintiff was a resident of the state, there can be no question that the piano was exempt, and we have no particular difficulty in holding that the plush cover and piano stool are needful, if not strictly necessary, to the enjoyment of the piano and were also exempt as part thereof.

Order affirmed.