HARRISON H. BARNES, Plaintiff in Error, *v.* JOHN ROGERS, Defendant in Error.

ERROR TO HANCOCK.

Only such persons as are heads of families, and who reside with the same, have the right to claim an exemption for the description of property, such as wheat, etc., sold in this case ; and the question, whether they answer this description, should be left to the jury.

A purchase by the constable from the defendant in execution, of the property levied on, does not constitute a trespass, even when there is no sale at auction by the constable.

ROGERS, the plaintiff below, complained of Barnes, the defendant below, in trespass, for taking certain personal property, which Barnes had taken on an execution, he being at the time a constable of Hancock county. Rogers claimed that the pro perty was exempt from execution.

The cause was tried before SIBLEY, Judge.

The court gave the following instructions on the part of the plaintiff, to wit :

1st. That if the jury believe, from the evidence, that the defendant levied upon and sold sixty bushels of wheat of the plaintiff, which had been previously selected by the plaintiff as exempt, and was suitable to his condition in life ; and that the plaintiff, at the time of such levy, claimed the same as exempt from levy and sale on execution, and that the plaintiff, at the time of selecting the same, offered to surrender other property in satisfaction of the execution, or that the wheat so selected, and the property still retained by the plaintiff, not specifically exempt from levy, did not exceed in value the sum of sixty dollars, they will find the defendant guilty, and assess the plaintiff's damages growing out of the sale of such wheat.

2nd. That the following property, when owned by any person being the head of a family, and residing with the same, are specifically exempt from levy and sale, to wit : 1st. Necessary beds, bedsteads and bedding, necessary utensils for cooking, necessary household furniture not exceeding the value of $15, one pair of cards, two spinning wheels, one weaving loom and appendages, one stove and necessary pipe therefor being in use and occupied. 2nd. One milch cow and calf, two sheep for each member of the family, and the fleeces taken from the same. 3rd. Necessary provisions and fuel for the use of the family for three months, and necessary food for the above stock.

3rd. That the plaintiff had a right himself to select what other property was exempt from levy and sale, not exceeding in value $60, in addition to the property specifically exempt, pro-

Barnes *v.* Rogers.

vided such property so selected was suited to his condition or occupation in life.

4th.   That if they believe, from the evidence, that the defendant levied upon and took from the plaintiff any corn belonging to him, although he took the same under a regular execution, and failed to sell the same at public auction to the highest bidder, but appropriated the same to his own use, then they will find the defendant guilty, and assess the plaintiff's damages.

5th.   That if the jury believe, from the evidence, that the defendant levied upon and sold sixty bushels of wheat of the plaintiff, which was selected by the plaintiff as exempt from execution, and was suitable to his condition in life, and that the plaintiff at the time of the levy claimed the same as exempt, and that the plaintiff at the time of such selection offered to surrender other property in satisfaction of the execution, or that the property so selected and the property still retained by the plaintiff, not specifically exempt from levy, did not exceed in value the sum of $60, they will find the defendant guilty, and assess the plaintiff's damages growing out of the sale of such wheat.

6th.   That the plaintiff had a right to select what property was exempt from levy and sale, not exceeding $60 in value, provided such property was suited to his condition and occupation in life.

To which the defendant at the time excepted, and still excepts.

The court refused the following instructions asked by defendant, to which refusal the defendant at the time excepted and still excepts:

1st.   Although the jury believe, from the evidence, that the plaintiff forbade the levy upon the wheat, and claimed it, yet if they further believe, from the evidence, that the defendant said he would not take the wheat if the plaintiff would tell him where his (the plaintiff's) other property was, (that he had levied upon before,) so that he could levy upon that, and that the plaintiff had other property subject to execution and refused to turn it out, the defendant is not liable in this action for the wheat taken from him.

2nd.   That the law is, that after the death of one partner, the surviving partner may sue out execution upon a judgment rendered in favor of the partners when both living, and enforce the payment thereof.

3rd.   That it matters not who was directing the collection of the debt; that the execution, being fair on its face, protects the officer in performing his duty in levying upon and selling the property.

4th. That it is not a presumption of law, an execution in the name of D. and L. Rapelee is issued upon a judgment in favor of Daniel and Lewis Rapelee, and that though the jury should believe, from the evidence, that Daniel Rapelee died before the execution in evidence was issued, to affect this execution and this defendant, the plaintiff should show affirmatively that said Daniel Rapelee was one of the plaintiffs in said execution, and that the defendant knew it, and that although they should believe, from the evidence, that the defendant knew all those facts, if they further believe, from the evidence, that one of the plaintiffs in said execution, at the time the same issued, was living, the execution is a protection to the defendant, and if they further believe, from the evidence, that the defendant acted under said execution, they should find the defendant not guilty.

FERRIS, HOOKER & EDMUNDS, for Plaintiff in Error.

WILLIAMS, GRIMSHAW & WILLIAMS, for Defendant in Error.

WALKER, J. This was an action of trespass, instituted by Rogers against Barnes, before a justice of the peace, to recover damages for the levy and sale of property, claimed to have been exempt from execution. There is an absence of all evidence in this case, that appellee was at the time the levy was made, the head of a family, and residing with the same. It is such persons alone who have, under the statute, the right to claim this exemption, for the description of property sold on the execution, and for the selling of which this suit was instituted. But even if there was evidence tending to prove that fact, the instructions asked and given for the appellee take the consideration of that question from the jury. They assume that he was either the head of a family, and residing with them, or that he was, independent of that fact, entitled to claim the exemption. If he was within the provisions of the statute, and authorized to insist upon it, that fact was not admitted, nor was it so clearly and incontestably proved that the court had the right to assume its existence.

The first instruction tells the jury that, if they believe from the evidence that defendant levied upon and sold sixty bushels of wheat of the plaintiff's, which he had selected as exempt, and it was suitable to his condition in life, and that he claimed it at the time as exempt, and offered to surrender other property in satisfaction of the execution, or that the wheat and other property not specifically exempt from sale on execution, and retained by him, did not exceed sixty dollars in value, that they should find for plaintiff. This instruction should have been re-

fused, or so modified by the court, before it was given, as to have left the question to the jury, whether he was the head of a family, and the court erred in giving it. The third, fifth, and sixth instructions were erroneous, for the same reason, and should have been refused. They were calculated to, and doubtless did, mislead the jury.

The fourth instruction directs the jury that, if they believe from the evidence that defendant levied upon and took any corn belonging to plaintiff, even under a regular execution, and failed to sell it at auction, but appropriated it to his own use, they should find for the plaintiff. This instruction should have been modified, so as to have left it to the jury to determine whether the property was appropriated by agreement between the parties. There was evidence tending to show that it was appropriated to the use of appellant, by the consent of appellee. It is true it was the statement of appellant, but it was called out by appellee, and was thereby made evidence. It also tended to show that the price agreed upon for the corn was credited on the execution. Had there been no evidence tending to show such an arrangement, there can be no doubt of the correctness of the instruction. But the instruction, as given, asserts as a principle, that an officer, after levying upon property of a defendant, has no legal right to purchase it of the defendant in execution.

Whatever may be said as to the power of a sheriff or constable to purchase from a defendant property levied under execution, and to apply the price agreed upon as a credit upon the debt, and whether he would be liable to the plaintiff if the purchase were for less than its value, can make no difference, as these questions do not arise on this record. This is an action of trespass, for the wrongful seizure of the property; and the fourth instruction asserts, that it makes no difference whether the execution was regular or irregular, if he failed to make sale, and appropriated the property to his own use. The evidence tended to show that, if it was so appropriated, it was with the consent of the defendant in execution, and at a price agreed upon, and that it was credited upon the execution. This appears by the admissions of the appellant, as proven by the appellee. Then if that were true, it could make no difference whether the levy was regular or not, as, by the subsequent sale of the property to the officer, he waived the right to recover for a wrongful levy. But even if that were not so, the instruction asserts that he would be liable even if the execution were regular, and he failed to sell the property at auction. If the execution was regular, we perceive nothing which rendered the levy tortious, when it was made, nor could it become so by relation, when he failed to sell by the consent and agreement with the defend-

ant in execution. The failure to sell was authorized by him, and he cannot now be heard to insist that the act was unlawful. Even if it was unwarranted, still it could not constitute a trespass, and the plaintiff below relied alone for a recovery in that form of action. This instruction was wrong, and should not have been given.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*