# THE WABASH RAILROAD COMPANY
## v.
## M. E. DOUGAN.

*Garnishment—Non-resident Debtor—Exemptions—Practice.*

1. The garnishee in a given case can not interpose as a defense, the fact that a note was given by one of its employes for a usurious loan. It is for the maker to do this.

2. A non-resident, natural or artificial person is liable to attachment proceedings begun in this State.

3. A railroad corporation doing business in this and other States, is a resi-

dent of this State, not only as to contracts made in this State, but as to those made in the others. Its residence does not depend upon the *situs* of the contract it makes.

4. A non-resident creditor may maintain an action in this State against his non-resident debtor.

5. Where a non-resident debtor is proceeded against in this State, the exemption laws of the State in which he resides can not avail him. He is bound by the laws of this State.

6. Residence with one's family is a prerequisite to the right to the exemption provided for in Sec. 14, Chap. 62, R. S.

[Opinion filed October 27, 1891.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Messrs. GEORGE B. BURNETT and GEORGE S. GROVER, for appellant.

The courts of Illinois, in furtherance of the well-settled rule of comity between the States, ought not to permit an action of this character to be maintained, as the evidence shows that the debt sued on was payable in Missouri; that the creditor, debtor and garnishee all reside there, and that the wages here sought to be impounded are exempt from attachment, execution or garnishment under the laws of that State.

It is, therefore, simply an attempt to take from a workman the wages earned by him, by sending the claim to be sued on in a jurisdiction where the exemption laws of his domicile will not avail him, and should not be tolerated. Dehon v. Foster, 4 Allen (Mass.), 545; Massie v. Watts, 6 Cranch (U. S.), 148; Keyser v. Rice, 47 Md. 203; Wilson v. Joseph, 107 Ind. 590; Fielder v. Jessup, 24 Mo. App. 91; Keating v. Refrigerator Co., 32 Mo. App. 293; Todd v. Mo. Pacific Ry. Co., 33 Mo. App. 110; Engel v. Schureman, 40 Ga. 206; Snook v. Snetzer, 25 Ohio St. 516; Cunningham v. Butler, 142 Mass. 47; 23 Central Law Journal, 268; Drake v. L. S. & M. S. R. R., 69 Mich. 168; R. R. Co. v. Dooley, 78 Ala. 524; Wabash R. R. v. Seifert, 41 Mo. App. 35.

Although the garnishee is a consolidated corporation, and

therefore a citizen of Illinois, yet being a citizen of Missouri also, it is entitled to the benefit of the exemption law of the last named State as well. Central Trust Co. v. St. L., A. & T. Co., 41 Federal Rep. 551; Nashua R. R. v. Lowell R. R., 136 U. S. 356.

Messrs. M. MILLARD and ALEX. FLANNIGAN, for appellee.

As to the right to attach, it was held in H. & St. J. R. Co. v. J. C. Crane, 102 Ill. 249, that a foreign corporation, doing business in the State, will be liable to garnishment; and that a consolidated company operating a railway in Illinois, under whose laws it is organized, and which must be regarded as a domestic corporation, is equally liable, there is no question.

It was also expressly decided in the case cited, that a debt due from such a company to an employe, though made payable in another State, was not local, and that an action to recover the same would not be local.

A non-resident creditor may attach the property of a non-resident debtor. Givens v. Merchants, etc., Bank, 85 Ill. 442; 72 Ill. 492. And as it is laid down in H. & St. J. R. R. v. Crane et al., *supra*, that a debt owing by a railway company to its employes has a *situs* here in a case like the one presented by this record, it follows that there was nothing illegal in bringing the suit or garnishing the defendant's debtor. The party owing the debt is an Illinois corporation, subject to our law and the jurisdiction of our courts, and the plaintiff has an undoubted right to become a litigant in order to collect his money.

He has the same remedy for that purpose which is given our own citizens. Nothing more and nothing less.

As to exemption laws, our Supreme Court holds that there is no vested right in an exemption law. It pertains to the remedy and may be changed at all times ; and that the rule in this State gives a non-resident debtor the benefits of our statute and not the exemptions allowed by the laws of the State where he resides. Min. Point R. R. Co. v. Barron, 83 Ill. 365.

We do not undertake to execute foreign exemption laws as

a matter of comity, but put non-resident debtors on the same footing as our citizens. Whether this is wise or just is not a question; it is the rule and must be followed until changed. The most a non-resident debtor can claim is the benefit of our law; but because he can not get the benefit of the exemptions given by the law of his own State, that is no reason why he shall not be sued the same as any other person.

As to whether there is anything improper in allowing a man to come into this State to collect, through the agency of our courts, a money demand which is valid here and free from legal objection everywhere, this question is also settled by a decision of our Supreme Court. Mitchell v. Stook, 72 Ill. 492.

The court say that it has never been held that a party may not be sued here because he resides somewhere else and might be proceeded against in another State; that there is no policy or law in this State which excludes non-residents from our courts; that taking those steps which the law permits for the collection of a debt no matter how vigorously or zealously it may be done, is not an abuse of process or legally wrong in any respect; that seizing property in such a proceeding which would be exempt in another State, is no reason for denying the remedy afforded by our laws; and that the jurisdiction of our courts does not depend upon such considerations.

SAMPLE, J. The appellee, Dougan, loaned one Brown some money and took his note therefor, with one Seymour as surety. The parties all resided in St. Louis, in the State of Missouri. Brown and Seymour were in the employ of the appellant company in said city. The note not being paid at maturity, Dougan brought suit in attachment before a justice of the peace in East St. Louis, which is in the State of Illinois, and the appellant company was served as garnishee. The makers of the note not being found, the cause was continued and publication made as required by law. In the meantime the appellant company filed its answer under oath. On the day set for the trial, the defendants in the attachment suit not appearing, judgment was rendered against them for the sum of $21.50 and the costs, taxed at $10, and thereafter

on trial of the garnishment suit, judgment was rendered against the garnishee in the sum of $31.50, from which latter judgment the garnishee appealed to the City Court of East St. Louis, where the same judgment was rendered against the makers of the note, and on trial of the garnishee suit before the court, a jury being waived, a judgment was rendered in favor of the original defendants, for the use of Dougan against the garnishee, for the sum of $34, to which exception was taken, and an appeal prayed and obtained, by the garnishee, to this court. No issue was formed on the answer of the garnishee, and no evidence in contradiction thereof was offered or heard. The answer of the garnishee was in substance as follows :

1. That on the 28th day of November, 1890, the time of the service of the writ of garnishment, it had no property, money or effects in its custody or control belonging to either Brown or Seymour.

2. That at said time it did not owe said Brown anything, he not then being in its employ.

3. That at said time it owed Seymour the sum of $84 on account of wages, as its employe, as a clerk in the auditor's office in the city of St. Louis, in the State of Missouri, for the month of November, 1890.

4. That the garnishee is a consolidated corporation, duly organized under the laws of the State of Illinois and Missouri, having lines of railway in both States, and business offices in each of said States.

5. That said Seymour's services were rendered in the State of Missouri, under a contract there made, by which it was agreed that he was to be paid monthly in the said city of St. Louis, and that said $84 are payable in said city and not elsewhere.

6. That said Seymour never contracted with garnishee to render it any services in the State of Illinois, and that the services he did render was in the State of Missouri and not elsewhere.

7. That said sum of $84 is for Seymour's last thirty days' service, which sum is, by the laws of the State of Missouri,

wholly exempt from execution, attachment or garnishment proceedings.

8. That under said laws, it is not chargeable as garnishee on account of the wages due from it to the said Seymour for said month of November, 1890.

9. That said Seymour "is the head of a family residing in the State of Missouri," and that said sum of $84 is his exemption, as heretofore stated, under the laws of said State.

10. That Dougan is a resident of the State of Missouri, and is engaged in the business of loaning money at usurious rates of interest to parties there residing; that said loan was to Brown, in said State, at a usurious rate of interest, for the payment of which Seymour became surety; that said Seymour never received any of said loan to Brown; and that Dougan was well aware, before these proceedings were begun, that it owed him nothing, and with the knowledge of said fact and that Seymour was not really owing her, Dougan, anything, and with the further knowledge that Seymour was residing in the State of Missouri, and the head of a family, and that his last thirty days' wages were exempt by the laws of said State, and that this garnishee was not then subject to garnishment, fraudulently and for the purpose of evading the exemption laws of said State, and to deprive Seymour of his rights thereunder, and to subject this garnishee to unnecessary expense and litigation, conspired with one Flannigan, a citizen of Illinois, to institute this vexatious and unlawful suit, wherefore it prays to be discharged.

The various errors assigned are covered by the first one, which is—

That the court erred in holding that the action of garnishment could, upon the facts stated in the answer of the garnishee, be maintained in the State of Illinois. The real defense interposed by the garnishee is, that it was not liable because it and Seymour were residents of, and the services were rendered in the State of Missouri, where the debt was payable; that by the laws of that State the money due Seymour was exempt, he being the head of a family; and that it was a fraud on the part of Dougan, being a resident of the

State of Missouri, to bring the suit in the State of Illinois, where the exemption laws were not so liberal.

The charge that the loan was usurious, and that Seymour was merely a surety and got no part of the money, is immaterial so far as the garnishee is concerned. If he was a surety, as averred, it would not be expected that he would get any of the money. If the loan was usurious, it was for the makers of the note to interpose that defense. They did not see fit to do so, and therefore the garnishee can not complain of that.

In many of its features this case is like that of H. & St. J. R. R. Co. v. Crane, use, etc., 102 Ill. 249. It was there held that a foreign corporation was subject to garnishment for wages due a servant, resident of the same State as the corporation, where the contract between it and the servant was the same as that set up here.

It has been repeatedly held that a non-resident natural person is liable to attachment proceedings begun in this State, and as said in above case, no reason is perceived why an artificial person should not be subject to the same law. This garnishee, however, is a resident of this State, not only as to contracts made in this State, but as to contracts made in other States, where it may also reside. Its residence does not depend upon the *situs* of the contract it makes. It is set up in the answer that the money due Seymour was payable by the agreement of the company, in the State of Missouri. This point was considered in the Crane case, *supra*, and the Supreme Court said: "Such debts are not local, nor to recover them must the action be local;" and it was further held that no demand at a specified place was necessary before bringing suit, although the contract fixed the place of payment. The court say, p. 259: "The doctrine that a plaintiff, suing on a promissory note, payable at a specified place, need not aver and prove a demand, has been the settled law in this State for more than forty years."

The position that it was a fraud for Dougan to bring the suit in this State is not tenable, as expressly held in the case of Mitchell v. Shook, 72 Ill. 492. In that case both the plaintiff and defendant resided in Posey County, Indiana, yet

the court held that the plaintiff could maintain his action of attachment in this State.   On that point the court say : " It is not pretended that non-residents are, either by express enactment or the policy of the law, as declared by this court, excluded from our courts, and the proposition that the creditor can not be guilty of an abuse of process, or of obtaining the jurisdiction of the court for a fraudulent purpose, who only takes those steps for the collection of a *bona fide* debt, which the law permits, however vigorous and zealous he may be in so doing, needs no demonstration."   The remaining and principal point, as we understand, relied upon by the appellant is, that it was error not to allow Seymour the benefit of the exemption laws of the State of Missouri, which, if done, no judgment could have been rendered in this case, either against the defendants in the attachment suit or the garnishee, for the reason that jurisdiction could be obtained of the defendants in the attachment suit, only by service upon a garnishee who had custody of their property or was owing them or one of them, as there was no personal service or levy upon property.   This question has also been expressly decided in the case of Mineral Point R. R. Co. v. Barrow, 83 Ill. 365.   The statement of that case is :  " This was a garnishee proceeding, commenced by E. G. Barlow against the Mineral Point Railroad Company, to recover wages due from the company to James Barrow, based upon a judgment against Barrow, and the return of an execution no property found.   The company answer, admitting that it was indebted at the time of the service of the writ, to Barrow, in the sum of $40, but set up in defense that Barrow was a resident of the State of Wisconsin, and the head of a family, residing with the same, and that, by the laws of that State, such wages were exempt from garnishment."

The court say :   The validity of a contract is to be determined by the law of the place where it was made, but the law of the remedy is no part of the contract.   " Statutes providing that certain articles of personal property  *  *  *  shall be exempt from levy and sale upon execution, have always, so far as our observation goes, been regarded by courts as regula-

tions affecting the remedy, which might be enacted by each
State, as the judgment of the Legislature might think for the
best interests of the people thereof," citing Bronson v. Kin-
zie, 1 Howard, 311. " The statute of Wisconsin, under which
appellant was not liable to be garnisheed, was a law affecting
merely the remedy, when an action should be brought in the
courts of that State. That law, however, can not be invoked
when the remedy is sought to be enforced in the courts of this
State. The remedy must be governed by the laws of the
State where the action is instituted."

The court, in this case, further considers the question as to
the liability of the garnishee under our laws, which then
exempted the wages of a defendant, being the head of a family
*and residing with the same*, from garnishment, in the sum of
$25, notwithstanding the claim of exemption was made under
the laws of the State of Wisconsin, and held, as the judgment
against the garnishee was for $40, the whole amount due,
that it was error; that the $25 exemption should have been
deducted and a judgment rendered for only $15. In this case
the whole amount due was $84, and the court only rendered
judgment for $34, which left the $50 wages exemption, now
allowed by our statute, to a defendant who is the head of a
family and *resides with the same*. Sec. 14, Chap. 62, R. S.
It will be observed, however, that the answer of appellant, as
it appears in the record, does not set up that Seymour *resided
with his family*, which is a prerequisite to the right to the
exemption. Barnes v. Roger, 23 Ill. 350; McMasters v.
Alsop, 85 Ill. 157. That fact, however, is not material in
view of the $50 that was still left to Seymour. However, had
that amount not been left, and the exemption been set up as
required by our law, the judgment would have been reversed
under the authority of the Barrow case. The construction
given by our Supreme Court to the exemption laws, has been
very liberal, not only to our own citizens but to those of other
States. It has stayed the hands of citizens of Illinois, reach-
ing out after property out of which to collect a *bona fide* debt,
although the property and its owner were, at the time, actu-
ally leaving the State. It has extended to non-residents' prop-

erty the same shield of protection that has been given to that of our own citizens. It has placed both resident and non-resident upon the same plane of equality. To permit a non-resident to have a greater exemption than a resident, would not only be violative of this principle of justice, but of that principle heretofore mentioned that is applicable to the law of the remedy. For the reasons stated the judgment is affirmed.

*Judgment affirmed.*