THE MISSOURI PACIFIC RAILWAY COMPANY ET AL.
v.
ALEXANDER FLANNIGAN ET AL.

*Exemptions—Law of Missouri—Garnishment—Injunctions—Damages
—Actions.*

1.   Courts of equity will not inquire into the motives which actuate
one in proceeding in a legal manner to collect a lawful claim.

2.   A non-resident creditor may proceed by attachment against a non-
resident debtor and garnishee a foreign corporation doing business in this
State, and a court of equity is without jurisdiction to enjoin the collection
of such a claim.

3.   Although a party to a suit should have filed his suggestion of
damages at the same term at which an injunction was dissolved as to
him, the other party, by appearing and litigating the assessment of dam-
ages without objection, waives error if any exists through failure to do so.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of St. Clair County; the
Hon. B. R. BURROUGHS, Judge, presiding.

This is a bill filed by appellant, a corporation established
under the laws of the State of Missouri, and certain others,
who were employes of that corporation in and about the
operation of that railroad in the State of Missouri, and aver-
ring that certain of said employes are heads of families and
residents of the State of Missouri, and that wages are earned
by them and payable in said State of Missouri, where said
employes reside; that the amount so earned by said employes
is in nearly all cases for each month's service, in excess of
$50, and that under the laws of the State of Missouri the
wages due such employes for the last thirty days' service
are exempt from garnishment under the laws of the said
State of Missouri; that the said railroad company has cer-
tain agents in the State of Illinois, and that it thus becomes
subject to the laws of Illinois, and that certain employes of

said railroad company have borrowed money from persons in the State of Missouri at usurious interest, and that such creditors of such employes proceed before a justice of the peace in the State of Illinois by attachment, and summon said railway company as garnishee of such employes for wages due from it; and further avers that the employes thereby are deprived of the exemption laws of the State of Missouri; and avers that the defendant Flannigan has been acquiring claims against said employes and instituting proceedings thereon in his name, and proceeding by attachment against said employes, and garnishing said railway company; that said Flannigan has repeatedly instituted proceedings in attachment against said employes of said company and summoned said company as garnishee before James H. Wyatt, a justice of the peace of St. Clair County, Illinois; and avers that proceedings against certain employes are now pending, and if permitted to be prosecuted to final judgment the said railway company are in danger of being compelled to pay the wages due said employes the second time; and avers that the action of said Flannigan is fraudulent, and that the exemption laws of the State of Missouri can not be set up in defense, and prays for an injunction against Flannigan and Wyatt to enjoin them from instituting such suits and entering judgment on such claims. A temporary injunction was granted in accordance with the prayer.

The defendants filed an answer to the bill, which was afterward withdrawn, and a motion to dissolve the injunction was entered on the ground that there was no equity in the bill and that there was a complete remedy at law. At the May term, 1891, of the Circuit Court of St. Clair County, the demurrer was argued, and the temporary injunction granted as to the defendant Wyatt was dissolved, and a decree entered that he should recover costs of suit, and the court, as to the defendant Flannigan, took the motion under advisement, and treating the motion as a demurrer to the bill, sustained the motion and demurrer at the September term, 1891, and dismissed the bill with costs; and previous thereto each of the defendants, during said September term,

1891, filed suggestion of damage, and on evidence in open court, the court found that each of the defendants Flannigan and Wyatt had sustained damages in the sum of $75 each, and that such damages were the usual and proper attorney's fees for legal services in procuring the dissolution of the injunction. Complainants bring the record to this court by appeal and assign as errors the sustaining of the demurrer to the bill of complaint and in permitting defendants to file suggestion of damage and in allowing each of said defendants $75 for attorney fees in procuring the dissolution of the injunction.

Messrs. C. N. TRAVOUS and H. S. PRIEST, for the Missouri Pacific Ry. Co., and R. W. GOODE for R. R. Brooks et al., employes, appellants.

Mr. M. MILLARD, for appellees.

MR. JUSTICE PHILLIPS. In the case of The Wabash Railroad Company v. Dougan, 41 Ill. App. 543, it was held that a non-resident creditor might proceed by attachment against a non-resident debtor and garnishee a foreign corporation doing business in this State; and in that case the answer the garnishee set up was that the plaintiff fraudulently and with the express and avowed purpose of evading the exemption laws of Missouri, and of depriving the debtor of the exemption of that State, came to this State and sought to avail himself of the process of our courts; and in the case cited it was held that "admitting the legal right of the plaintiff to come to this State and avail himself of such remedies as our laws afford, the motive by which he was actuated in so doing is immaterial. A party pursuing his legal rights in a legal manner, can not be called in question in respect to the motives which prompt him to action." A non-resident creditor having a right to resort to the courts of this State and proceed by garnishment against a foreign corporation doing business in this State, Flannigan would have the right to acquire the claim and proceed in the collection

thereof, and a court of equity is without jurisdiction to enjoin the collection of such a claim; nor will a court of equity more than a court of law inquire into the motives which actuate one in proceeding in a legal manner to collect a lawful claim.

It was not error to sustain the demurrer, dissolve the injunction and dismiss the bill. The suggestion of ·damage by the defendant, Flannigan, was filed before the court sustained the demurrer to the bill as to him. From this record it does not appear that any objection was made to the filing the suggestion of damage by Wyatt, and no motion was made to strike his suggestion of damage from the files, and in the suggestion of damage on the part of Flannigan and Wyatt each, the complainant appeared and litigated the assessment of damage in both cases, without objection; and even if it should be held that Wyatt should have filed his suggestion of damage at the same term at which the injunction was dissolved as to him, still the complainants, by appearing and litigating assessment of damage, without objection, waived error if there was any. Gerard v. Gateau, 15 Ill. App. 520.

The evidence as to the damage sustained on each assessment supports the finding of the court as to the amount of damage. We find no error in this record and the decree is affirmed.

*Affirmed.*