<table>
<tr><td>21</td><td>21</td></tr>
<tr><td>10a</td><td>460</td></tr>
</table>

## SCHWARTZ v. BIRNBAUM.

1. EXEMPTIONS TO HEADS OF FAMILIES.
Being the head of a family does not of itself entitle one to the benefit of an exemption ; the other condition that he actually resides with his family is equally important.

2. EXEMPTIONS—SELECTIONS.
When part of the property levied upon is exempt from seizure and part is not, by reason of the action being for the purchase money thereof, the mere demand of the exemptioner of his right to select is not equivalent to a selection, which he is bound to make in order to avail himself of his privileges, except where the articles are specifically exempt by statute.

*Appeal from the County Court of Arapahoe County.*

MAX SCHWARTZ, the appellant, who was plaintiff below, brought his action against Sigmund Birnbaum, the appellee and defendant, to recover the sum of $258.41, which plaintiff alleged to be due upon a contract, and that the demand sued upon was on an overdue book account. Plaintiff sued out a writ of attachment in aid of his action, and the same was levied as shown by the return to the writ, upon defendant's " stock of clothing, shirts, notions and anything in store 3205 Larimer street," and by leaving a copy of the writ with defendant.

The defendant filed in the justice's court his affidavit of exemption, which, omitting the title, is as follows:

" S. Birnbaum, above named defendant, being duly sworn deposes and says that he is a married man and the head of a family and is a resident of Colorado, and is entitled to the benefit of the exemption laws of said state and that he claims all the property attached in said case as exempt, except the property he bought of the plaintiff, and he demands the right of selection thereof."

The defendant apparently did not contest the validity of the claim sued upon. In the justice's court a judgment was rendered in favor of the plaintiff for the amount of said claim, and an order was made sustaining the attachment. From this order sustaining the attachment an appeal was taken to the county court, and upon trial there the county court found the issues in favor of the defendant, and ordered that all the goods levied upon should be released and returned by the plaintiff to the defendant. From this judgment of the county court the plaintiff comes here with his appeal.

The only testimony given was that by the defendant himself. It is to the effect that at the time of the levy of the writ of attachment the defendant was a married man and the head of a family, consisting of his wife and two children, who were dependent upon him for support. He was conducting a small shop for the sale of clothing and gentlemen's furnishing goods in the city of Denver, and had been engaged in such business here for about sixteen months. He came from the city of New York with the intention of settling in this state and sending for his family to come to Colorado to make this their home, as he says, " as soon as he was fixed to receive them." He never resided with his family in this state,—that is, the wife and children had never been in Colorado, they residing temporarily in the city of Philadelphia during all the time that defendant himself had been in Colorado. Two or three months before the levy of this writ he had sent to his family money with which to pay the expenses

of a removal to Colorado, and although they sent on some furniture, they themselves have never arrived.

The property which defendant claims as exempt from levy was his stock in trade, used and kept for carrying on his business, and the value was less than $200. There is no evidence to show what are the specific articles which the defendant claims to be exempt, further than that the articles are a part of his stock of gentlemen's furnishing goods, and that they are no part of the goods which he bought from plaintiff.

While the record is not explicit, it appears that the issue was tried in the county court upon the same affidavit that was filed by the defendant in the justice's court. There is no evidence that any demand for exemption was made by the defendant at the time of the levy of the writ, nor is there any evidence that at any time a selection of the property claimed to be exempt was ever made by defendant. The only claim that the defendant makes, so far as the evidence shows, was that embodied in, and asserted by, the affidavit which has been heretofore set out in full, but he never by any word or act otherwise attempted to exercise the right of selection which he asserted in his affidavit.

The statute under which the appellee claims that he is entitled to the right of exemption is, in substance, as follows: The stock in trade, used and kept for the purposes of carrying on his trade or business, not exceeding $200 in value, when the same is owned by any person being the head of a family and residing with the same, shall be exempt from levy and sale under any execution or writ of attachment. Gen. Stats., sec. 1866 ; Mills' An. Stats., sec. 2562.

Mr. J. W. HORNER and Mr. J. E. ROBINSON, for appellant.

Mr. GEO. A. SMITH, for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The questions sought to be raised by this appeal may be

stated as follows : *First*, Was the defendant, under our statute, a person entitled to the exemption of his stock in trade ? *Second*, Has he made his claim for exemption in the proper time and manner ? *Third*, Does the claim and evidence justify the judgment rendered by the county court?

That the defendant at the time of the levy of the writ of attachment was the head of a family admits of no doubt. That he was then residing with the same is not true in the literal or ordinary sense of the term. But it is contended by the appellee, as our constitution enjoins upon the legislature the enactment of liberal exemption laws, and as the courts, when those laws are passed, construe them liberally in favor of persons claiming rights thereunder, and in order to effectuate their beneficent design, that the defendant was residing with his family in Colorado within the meaning and intent of the statute.

It is true that the courts, in the construction of statutes, will endeavor to arrive at the true meaning of the legislature, even though the meaning so ascertained will depart from the literal sense of the words. It is also true that courts will endeavor to give to all the words found in a statute their proper and legitimate meaning, and will presume that the legislature meant something when it employed those words. The principal object of all exemption laws, it has been said, is for the benefit of the family, and, under our law, this benefit is to be enjoyed by the head of a family and for their use only while he resides with the same.

As has been said, the evidence here shows that the defendant is the head of a family ; that he came from the state of New York to Colorado to make this his permanent home, and to remove his family here as soon as he was able to accomplish it. When he left New York his family went to the state of Pennsylvania. They have never been in the state of Colorado. Appellee contends that inasmuch as the domicile of the husband is the domicile of the wife, therefore the residence of the husband must be the residence of the wife and family. This is not universally true as a matter of fact,

neither do we think it follows as a matter of law. If this contention were correct as a legal proposition, the legislature evidently misinterpreted the then existing law. The legislature evidently construed the law to be that the head of a family might have a residence in one place, and his family a residence in another place, and that the head of a family might have his residence, and still not reside with his family; so it imposed as a condition to the right of exemption that the head of a family should enjoy it only while he is residing with the same. The converse of the proposition must necessarily be true, that when he is not residing with his family, he cannot claim the right of exemption. If the residence of the head of a family fixes the residence of his family, and if the law establishes the residence of the family wherever the head is residing, then the head of the family resides with the same, even though the family be residing in one state and the head in another state. If such be the law, then the use of the language "and residing with the same" is entirely superfluous; but we cannot presume that the legislature used these words without intending to convey some meaning.

In Illinois, where the statute is like ours in that it requires that a claimant must be the head of a family and residing with the same to entitle him to maintain his claim that such property is exempt from seizure, it is held that the claimant must prove not only that he is the head of a family, but that he resides with the same, showing that these words impose a condition other than that one must be the head of a family. *McMasters v. Alsop*, 85 Ill. 157; *Barnes v. Rogers*, 23 Ill. 350.

The claimant must reside with his family either in this state or in the state of Pennsylvania. He is here; his family is there. He does not claim his residence in Pennsylvania, but bases his claim to this exemption solely upon the fact that he is a resident of this state; hence he does not reside with his family in Pennsylvania. In no sense of the term can it be held that he is residing with his family in this state. He could not very well reside with them unless they reside with him, and they reside in Philadelphia. They

never have been here, but during his entire residence in Denver they actually were in the state of Pennsylvania. Hence defendant does not reside in Colorado with his family, even if both defendant and his family intended that they should reside here. To produce such a result, the intention and act must unite. If plaintiff's family had once resided with him in Colorado, and had thereafter gone to Pennsylvania for a temporary residence, the case would be quite different, and the pertinency and force of appellee's argument would be recognized.

As the plaintiff does not come within the class of persons named in this statute as entitled to the benefit of exemption, strictly it may not be necessary to determine whether or not he properly made his selection of exempt property. But no selection was ever made by defendant. Property other than that claimed to be exempt was levied upon. The mere demand by defendant of his right to select was not equivalent to making the selection. It was not the duty of the constable to set apart the exempt property, unless the claimant pointed out such property, when the seizure embraced other property rightfully taken, and the exempt property was not specifically exempt by the statute, but merely comprised a portion of stock in trade, even though it be less than $200 in value.

There is another reason why the judgment should be reversed. The constable under the writ of attachment seized not only this property which is claimed to be exempt, but also other property purchased by the defendant from the plaintiff, for the purchase price of which this action was brought. The nature of the claim sued upon does not expressly appear from the evidence, but the appellee in his brief virtually concedes that the action was for the purchase price of goods sold to him by the plaintiff, and in his affidavit claiming exemption he expressly excepts therefrom such goods as were purchased by him from the plaintiff. The evidence does not disclose specifically what goods are claimed as exempt, or what was confessedly subject to the

attachment. The county court, however, ordered a release of all the property attached, both that which was declared not subject to attachment and that conceded to be liable thereto, and ordered a return of all the property to the defendant. This was error. If the defendant was a person entitled to the exemption, and if there was evidence in the record to inform us what specific property was subject to attachment and what was not, we might modify the judgment of the court below, and order a redelivery to the plaintiff of that portion of the property so seized under the writ of attachment, which the plaintiff sold to the defendant, and affirm so much of the judgment as awarded a delivery to the defendant of the exempt property. There is no evidence, however, which would enable us so to do.

For the reasons given in this opinion the judgment must be reversed with instructions to the court below to proceed in accordance with the views herein expressed.

*Reversed.*