Bissell, J.,
delivered the opinion of the court.
Julius Eisenberg was a dealer in meats and groceries hi a small way on the corner of Colfax avenue and 13th street in Denver. On the 3d of July, 1894, an attachment suit was begun against him and the sheriff levied Iris writ on his stock of groceries and meats, the safe, ice box and fixtures in the store, and also on Ms horse, wagon and harness, and a piano at the house. The levy which was made on the property at the house-was released by the sheriff on the ground, according to his indorsement on the writ, which was put in evidence by the plamtiff, that Eisenberg “ had claimed exemptions ” and this property was released by order of the plaintiff’s attorney. At the time of the levy the store was in possession of the Harris Mercantile Company, who were apparently mortgagees in possession after default. This fact was not directly established by the production of the mortgage, or by other proof than the statements of the plamtiff. In the course of his direct examination he gave evidence that he told the sheriff that he had given a mortgage on the property in his store, and afterwards on cross-examination he stated that on the 30th of June he went to the courthouse with Harris of the Harris Mercantile Company, and placed of record a chattel mortgage to which was annexed a schedule of the stock of goods as it then existed. The schedule was shown to him, and he identified it as the one which he filed. Whether the sheriff’s inventory and the schedule were identical does not directly appear, but it is evident they were substantially alike, and that the schedule was a list of the stock as it existed on the 30th of June. After Eisenberg had delivered possession to the mercantile company, they occupied the premises and sold the stock under the authority which the mortgage gave them. Eisenberg was not about the store, or'at least- had not been for two or three days prior to the levy. After the levy the debtor made *459 some effort to assert his right under the 'exemption statutes. General Statutes, 1883, sections 1866 and 1868.
The statute provides that a debtor who is the head of a family may retain provisions for himself and his family for six months, and also exempts $200 worth of any stock which he may have for the purposes of trade. He called on the sheriff on several occasions for the purposes of asserting this claim, although in none of the conversations did he ever state directly what provisions or what, stock he claimed as exempt from levy. Under the debtor’s admission that the stock was covered by a mortgage and was in the possession of the mortgagees the sheriff refused to concede this statutory privilege, and on the 11th of July, Eisenberg served a written demand on the officer. This writing generally recited that Eisenberg “ claimed exemptions allowed him by statute,” and demanded that the officer “ at once deliver to him his exemptions out of the property seized under the writs.” He demanded as such exempt property, stock in trade, “ goods, wares, and merchandise out of the property to be selected according to law, of the value of $200.” He also demanded provisions for the subsistence of himself and family for six months to be selected and set out of the property seized. This was the substance of it and he did not otherwise or at any time specify what lie wanted, the property which he claimed, or the part which he desired to select and have set apart as exempt. The officer refused to recognize his asserted right and Eisenberg brought this suit to recover treble damages under section 1868. ;
It is thus evident the only question in the case is whether the debtor has laid the proper foundation for the maintenance of this action. On the trial he was nonsuited and has predicated error thereon to reverse the judgment. A few of the facts have not yet been stated, but they will appear in the opinion as it proceeds. It has become the settled law of this jurisdiction that wherever all that has been levied on is exempt and no property remains which the officer has a right to seize, the officer must act at his peril. Where the officer has also seized property which cannot.be claimed as exempt, *460 it is incumbent on the debtor to make his demand, select and point out the property which he claims is not liable to seizure. Behymer v. Cook, 5 Colo. 395; Harrington v. Smith et al., 14 Colo. 376; Madera v. Holdrege, 4 Colo. Ct. of App. 126; Autrey v. Wright, 4 Colo. Ct. of App. 179; Schwartz v. Birnbaum, 21 Colo. 21.
In the latter case, which is the last authoritative declaration on this subject, the court distinctly declared the rule to be: “ The mere demand by defendant of his right to select was not equivalent to making the selection. It was not the duty of the constable to set apart the exempt property, unless the claimant pointed out such property, when the seizure embraced other property rightfully taken, and the exempt property was not specifically exempt by the statute, but merely comprised a portion of stock in trade, even though it be less than $200 in value.” Counsel for plaintiff in error makes a vigorous ai’gument to the proposition that the court went farther than it was compelled to go to decide the Schwartz case, and that what it said on the subject of selection was in reality obiter, but if not obiter, the present case can be easily and broadly distinguished from it in its circumstances. We can concede neither proposition. No decision is obiter where it determines a proposition which is directly presented by the record, although the case may have been as easily and as well decided on some other point which was determined, and even though the case might have been safely rested on the latter proposition. Whatever points a case presents which are considered and decided must be taken as authoritative expressions of the law in every case which presents similar facts. We regard the declaration of the supreme court however as being directly in line with its antecedent decisions on the same subject and with our own conclusions on similar questions. These cases are entirely applicable to the one at bar because it is made plain from the plaintiff’s own testimony that the levy was made not only on the stock in trade, a part of which is claimed to be exempt, but also on a safe, ice box and fixtures, which are not within the exemption statutes and which *461 were embraced in the levy. It also covered property at the house, some part of which at least was certainly not within the exemption statute. The groceries may have been, whether the horse, wagon and harness were, we are unadvised by this record, for we do not know whether they were used in, and were essential to the transaction of, the business,'nor is there any evidence from which we can conclude that they were covered by the provisions of this statute. In any event, the piano was not exempt property! We therefore have a levy made on property which confessedly was not exempt from seizure, and if any part of portion of the stock in trade was exempt and the plaintiff was entitled to insist on his rights, it devolved on him not only to demand it, but as the supreme court in that case said, to select it, which means to point out the property which he claimed. The supr'eme court expressly determined that a mere demand is not equivalent to a selection. In the present case the written instrument was nothing but a demand for $200 worth of stock. No such demand could put on the officer the duty of determining what was worth $200 ; what of the stock should be set apart, nor the portion to which the debtor was entitled. It is argued that the sheriff assigned no such reason, and that the plaintiff was without the opportunity to do what the law required — point out the property which he claimed. The record supports neither of these positions. In the first place, the only reason the officer gave was, that the property had already been mortgaged and was in the possession of the mortgagee, and therefore, the debtor was not entitled to assert this right. On the other hand, although the property was in possession of the sheriff by his custodian, the debtor was not without the means to select what he intended to demand, and to indicate to the sheriff the property which he claimed. The evidence shows that the debtor, not only had a pretty general and full knowledge of his stock, but also that he had within three days of the time it was levied on, made a complete inventory of it, attached it to a mortgage, which was recorded, and. to which he had easy and complete access. *462 Nothing would have been simpler than for him to go to the-record, take the inventory of his stock and make out the list of the property which he desired released from the levy and which he claimed was exempt. Had he done this and presented his demand, it probably would have been a sufficient pointing out under the statute. He was required at least to do this in order to make his demand effectual.
- The- force of these propositions might not have been so apparent, but we are quite well satisfied from what appears from the record that on other grounds the plaintiff must have been defeated. Counsel for the plaintiff in error concede, as they were doubtless compelled to do, that where a mortgagor of chattels has forfeited his rights and the mortgagee is in possession he may not thereafter assert that the property is-exempt from levy because he is without the necessary title. This is probably good law, but it is claimed the mortgage* was not introduced in evidence, and' there is nothing before, the court to indicate that this was the true situation. We cannot accede to this proposition. The plaintiff testified that he told the sheriff that the property was covered by a mortgage, and he also gave testimony that the mortgagee was' in possession of the stock and selling it in the usual course, of trade. He identified the schedule annexed to the mort-. gage and there is enough in the case to entitle us to conclude, that the mortgagee was hi possession. Doubtless the first proposition is enough for the affirmance of the judgment, but. we think the judgment can be equally well sustained on the. last- one.
We are not at all clear that the plaintiff was entitled to. submit his case to the jury because he failed to prove the value of the property which the officer released. Some of it was not exempt. Whether any of it was, depended on the assertion of the debtor’s claim. If it was true that the property released was greater in value and extent than the amount to which the debtor was entitled on a strict construction of the-statute and the due exercise of his rights thereunder, this might easily be held to be a waiver of any other claim,. *463 or the exercise of any other right. This doctrine has been stated and enforced in many cases arising under exemption' statutes, but since it is not entirely free from difficulty, and the case is not exact and full to this point, we shall-; dismiss it with this simple suggestion.
. The nonsuit was right, and the judgment must be affirmed-.

'Affirmed.